**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
2221 Camino del Rio S, Suite 101
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

*Attorneys for Plaintiff*
Camryn J. Rouse

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CAMRYN J. ROUSE,<br><br>                         Plaintiff,<br><br>             v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and UTAH COMMUNITY FEDERAL CREDIT UNION D/B/A UTAH COMMUNITY CREDIT UNION<br><br>                         Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, U.S.C. 15 U.S.C §§ 1681, ET SEQ.;**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Plaintiff Camryn J. Rouse ("Plaintiff") brings this action against Experian Information Solutions, Inc. ("Experian") and Utah Community Federal Credit Union d/b/a Utah Community Credit Union ("UCCU") (or jointly as "Defendants") to secure redress for violations of the Fair

1  Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Since approximately August of 2023, Defendants have been reporting inaccurate information regarding Plaintiff's alleged debt.

3. Plaintiff filed for Chapter 7 Bankruptcy in the district court of Utah (Case No. 19-21421) resulting in the discharge of the UCCU accounts on June 20, 2019. Therefore, as of June 20, 2019, both UCCU accounts should have been reporting a balance of $0 with a status of "included in bankruptcy".

4. Defendants have continued to inaccurately report the UCCU accounts as "Account Charged Off. $470 past due as of Jan. 2021" and "Account Charged Off. $547 past due as of Jul. 2023."

5. Despite Plaintiff's multiple disputes of the incorrect reporting, each Defendant has failed to do a reasonable investigation into Plaintiff's disputes, in violation of the FCRA.

6. Plaintiff, by and through Plaintiff's counsel, brings this action for actual damages, statutory damages, punitive damages, attorneys fees, and costs against Defendants for violations of the FCRA.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

11. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of Utah.

12. At all times relevant, Plaintiff was an individual residing within the State of Utah.

13. All correspondence from Defendants referenced herein was sent to Plaintiff at an address

located within the State of Utah.

## THE FCRA

14. The FCRA, found at 15 U.S.C. § 1681, et seq, was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information…" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality and respect for the consumer's privacy." FCRA, 15 U.S.C. § 1681(a)(4). The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

15. Under the FCRA, the term "consumer report means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

16. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the law of the United States, 15 U.S.C. § 1681p (FCRA).

17. This action arises out of Defendants' violations of the FCRA, 15 U.S.C. § 1681 et seq.

18. This Court has personal jurisdiction over Defendants as they do business within the State of Utah, have sufficient minimum contacts with this state, and otherwise purposefully availed themselves of the markets in the State of Utah through the promotion, sale, and marketing of their products and services within this state, to render the exercise of jurisdiction by this Court proper.

19. Venue is proper in this District pursuant to 28 U.S.C § 1391 because the acts and transactions

**COMPLAINT FOR DAMAGES**

occurred here, Plaintiff resides here, and Defendants transact business here. Furthermore, Defendant UCCU has its principal place of business in Provo, Utah.

## PARTIES

20. Plaintiff is a natural person who resides in the County of Washington in the State of Utah. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

21. Defendant Experian Information Solutions, Inc. is a California corporation operating from an address of 475 Anton Blvd. Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

22. Defendant Utah Community Federal Credit Union d/b/a Utah Community Credit Union is a Utah cooperative operating from an address of 360 W 4800 N Suite E160, Provo, UT 84604, and is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

23. Plaintiff is an individual residing in the County of Washington in the State of Utah.

24. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of Utah.

25. Defendants have been inaccurately reporting Plaintiff's alleged debt since approximately August 2023.

26. Plaintiff filed for Chapter 7 Bankruptcy (Case No. 19-21421) which resulted in the discharge of the two UCCU accounts in question. Therefore, in accordance with the discharge, the accounts should have been reporting a balance of $0, and a status of "included in bankruptcy" as of June 20, 2019.

27. However, Defendants have continued to report the alleged debt without regard to the bankruptcy's ruling.

28. Plaintiff reviewed her Experian disclosure (credit report) prior to August 31, 2023 and discovered the discrepancies. Specifically, the line of credit UCCU Account No. 20013014 was reporting as follows: Status: "Account charged off. $470 written off. $470 past due as of Jan 2021" and a balance of "$470 as of Jan 2021." The credit card UCCU account, Account No. 20013014 was reporting as follows: Status: "Account charged off. $547 written off. $547 past

     due as of Jul 2023" and a balance of "$547 as of Jul 2023."

29. Plaintiff promptly contacted Defendants to notify them of the mistake in its reporting, but to no avail.

30. On August 31, 2023, Experian reported the following inaccurate information:

   a. UTAH COMMUNITY FCU. Partial Account Number 20013014. Status: "Account charged off. $470 written off. $470 past due as of Jan 2021" and a balance of "$470 as of Jan 2021."

   b. UTAH COMMUNITY FCU. Partial Account Number 20013014. Status: "Account charged off. $547 written off. $574 past due as of Jul. 2023" and a balance of $547 as of Jul 2023."

31. Plaintiff disputed the information on this credit report as it pertains to the UCCU accounts, however, nothing was done, and the flawed reporting continued.

32. Specifically, on or around March 12, 2024, Plaintiff mailed a full dispute letter to Defendant Experian asserting that Experian and UCCU had been incorrectly reporting two UCCU accounts and requested immediate correction.

33. Plaintiff's letter indicated that Account Number 200130XXXXXX, reporting a status of "Account charged off" for the balances of "$470 as of Jan. 2021", and "$547 as of Jan. 2025", are incorrect because both were discharged in the Chapter 7 Bankruptcy in the district court of Utah (Case No. 19-21421).

34. Further, Plaintiff's letter requested that if Experian was not to correct the entry, a 100-word statement on her credit report of all of the disputed information contained in the letter, need be provided.

35. However, on or around January 6, 2025, Plaintiff received a report from Experian reinstating the inaccurate reporting of the two UCCU accounts. Experian stated: "The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute."

36. As such, Defendants have continued to maintain that Plaintiff owes the alleged debt by indicating the UCCU accounts were "charged off."

37. Notably, on or about February 20, 2025, Experian and UCCU repeatedly reported the following inaccurate information:

a. UTAH COMMUNITY FCU. Account Number 200130XXXXXX. Status: "Account charged off. $470 written off. $470 past due as of Jan 2021."

b. UTAH COMMUNICTY FCU. Account Number 200130XXXXXX. Status: "Account charged off. $547 written off. $547 past due as of Jan. 2025."

38. Plaintiff's alleged debt in her August 2023, and February 2025 credit report remain unchanged despite repeated dispute efforts.

39. A true and reasonable investigation would reveal Plaintiff's bankruptcy case, and in turn, the discharge of the accounts in question.

40. In sum, Defendants ignored Plaintiff's disputes and instead have continued to report and reinstate the inaccurate status and balances to Plaintiff's credit report, even with the knowledge that these are incorrect.

## ACTUAL DAMAGES

41. As a result of Defendants' actions, omissions, and inactions, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional plain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

42. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness,

impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i

### AGAINST EXPERIAN

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i by failing to fully and properly investigate Plaintiff's dispute.

45. Defendant Experian understood the nature of Plaintiff's disputes when it received Plaintiff's dispute.

46. As a result of the conduct, actions and inactions of Defendant Experian, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

47. Plaintiff was injured as a result of Defendant Experian's inaccurate reporting.

48. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681o(a)(2) from Defendant Experian.

49. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. §

1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n(a)(3) from Defendant Experian.

### COUNT II
### VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681E(B)
### AGAINST EXPERIAN

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Upon information and belief, Defendant Experian did not follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

52. Defendant Experian's unreasonable procedures resulted in several repeated inaccuracies on Plaintiff's credit report.

53. Plaintiff was injured as a result of Defendant Experian's inaccurate reporting.

54. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant Experian.

55. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant Experian.

## COUNT III

### VIOLATION OF FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681s-2(b)

**AGAINST UTAH COMMUNITY FEDERAL CREDIT UNION D/B/A UTAH COMMUNITY CREDIT UNION**

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. One or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant UCCU violated 15 U.S.C. § 1681s-2(b) by publishing the UCCU reporting to Plaintiff's credit files with all the credit bureaus and failing to correctly report results of an accurate investigation to each other credit reporting agency.

58. As a result of the conduct, actions and inactions of Defendant UCCU, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

59. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendant UCCU intended their employees or agents to follow.

60. The conduct, actions and inactions by Defendant UCCU was willful, rendering Defendant UCCU liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant UCCU was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant UCCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o.

b) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

d) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit report and files;

e) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

f) An award of punitive damages; and

g) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY**

62. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: May 30, 2025                                    Respectfully submitted,

                                                                  **KAZEROUNI LAW GROUP, APC**


                                                                  By: /s/Ryan L. McBride
                                                                         Ryan L. McBride, Esq.
                                                                         *Attorneys for Plaintiff*

**COMPLAINT FOR DAMAGES**